The opinion of the Court was delivered by
O’Neall, J.
The ground of appeal supposes that the defendant was allowed, to discount the damages which he had sustained, by reason of the breach of the covenant of warranty of him and Stubblefield. This, however, is a mistake. The defence of the defendant is predicated upon a failure of con *439 sideration, and the discount is only notice to tbe party, of the defence relied on. If the single bill could legally be regarded as given in consideration of the warranty of title and soundness, then it would be true, that there could be no failure of consideration, and the party’s only remedy must be on the covenant of warranty. But the slaves sold are the consideration, and the unsoundness of them, or of some of them, makes either an entire or partial failure of consideration of the bill executed for their price. It was said in the argument, that the want of consideration could not be set up, against an instrument under seal. But this is not the rule. The sealing of an instrument is a legal implication of consideration; it dispenses with the proof on the part of the plaintiff. The onus of showing that it was without consideration is cast on the defendant. If he is able to make it appear, the defence is just as available to him against a single bill or bond, as it is against a note of hand or other parol contract.
The motion is dismissed.
JOHNSON, J., concurred.

Motion dismissed.